**George BONSER, Petitioner–Appellant,**

v.

**Sherry BURT, Warden, Respondent–Appellee.**

No. 02–1598.

United States Court of Appeals, Sixth Circuit.

May 13, 2003.

Before: GUY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

*ORDER*

This is a direct appeal from a district court judgment denying a petition for a writ of habeas corpus filed on the authority of 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Michigan inmate George Bonser filed a § 2254 petition in which he challenged the constitutionality of his state court conviction for criminal sexual conduct with a sentence as a habitual offender. The matter was referred to a magistrate judge who recommended that the petition should be granted. The district court rejected the recommendation, in response to the objections of the Michigan Attorney General, and denied the petition.

The only issue certified for appellate review is whether the district court erred in concluding that Bonser's 1993 Michigan state court conviction for second-degree criminal sexual misconduct was not obtained in violation of Bonser's Sixth Amendment right to a speedy trial. This court reviews de novo a district court's legal conclusions in habeas corpus actions and reviews its factual findings for clear error. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999). An examination of the present appeal under these standards supports the judgment on review.

Bonser was arrested in May 1991 following allegations that he had improperly touched a seven-year-old daughter of an acquaintance. Bonser appeared at a pretrial hearing on August 28, 1991, and the girl gave a detailed account of Bonser's actions on the night in question. Bonser was bound over to the circuit court for trial and his case was registered incorrectly as "inactive" by that court's docketing

system. No action had been taken when Bonser filed his initial demand for a speedy trial on August 5, 1992. Bonser's motion did not prompt a response, or any other action, by the Michigan state court. Bonser subsequently moved to dismiss the prosecution on speedy trial grounds on March 10, 1993, over nineteen months after he was bound over. The trial court denied the motion and Bonser proceeded to trial before a jury.

The chief witness against Bonser was the complainant, by then twenty-three months older. She took the stand and admitted that she could not remember what had happened on the night in question. The court ordered a brief recess and the complainant again testified that she could not remember any details of Bonser's alleged improper touching. The court took a lengthier recess, during which the child apparently consulted with the prosecuting attorney. When the complainant took the stand again on direct examination, she was able to testify in great detail as to the events of the night in question. On cross-examination, however, the girl admitted that she had no independent recollection of the events and that most of her testimony was based on her conversation during the recess with the prosecuting attorney. The trial judge nevertheless permitted this testimony to go to the jury. Defense counsel's closing argument contained a plea to the jury to consider the entire sequence of the victim's testimony and her recall of the events being "refreshed" only after a lengthy, ex parte communication with the prosecuting attorney. The jury found Bonser guilty as charged in spite of the efforts of defense counsel.

Bonser first presented his Sixth Amendment / Speedy Trial claims to the Michigan state courts. The Michigan Court of Appeals considered this claim and concluded, in relevant part, that Bonser could not make an affirmative showing that he was prejudiced by the delay. The court noted that, had the trial occurred in a more timely fashion, the complainant's memory of the events might not have needed "refreshing," as evidenced by her testimony at the preliminary hearing. The court also noted that the vigorous cross-examination of the victim brought out the fact that she really had very little independent recollection of Bonser's actions and defense counsel hammered home this point with the jury during closing.

Bonser reasserted his Speedy Trial claims in his § 2254 petition. The magistrate judge to whom the matter was assigned noted that the only point of contention was whether or not the Michigan state courts properly applied federal law in deciding that Bonser's claims did not exhibit the requisite degree of prejudice. The magistrate judge concluded that they did not and recommended granting the petition. The district court rejected the magistrate judge's evaluation of the Michigan court's decision. The district court held that the decision of the Michigan Court of Appeals was objectively reasonable on the record and dismissed the petition. This appeal followed in which the only question presented is whether the district court correctly held that the Michigan Court of Appeals application of federal Sixth Amendment law was objectively reasonable.

Upon examination, we will affirm the judgment on appeal for the reasons set forth in the district court's opinion and order dismissing the petition with prejudice entered on March 27, 2002.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.